# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2008 SEP -8 PM 1: 39

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| GREG J. ABRAMCZYK, | § |
| CLARENCE H. ACKERMAN, | § |
| CHARLES ALLISON, | § |
| MICHAEL J. ANESH, | § |
| ROBERT B. BALMES, | § |
| MARY A. BARBER, | § |
| CHRISTY J. BERBERICH, | § |
| JAMES W. BRADFORD, | § |
| MELANIE S. BUTTERFIELD, | § |
| GAYLYNN CAMPOLLO, | § |
| THOMAS J. CASON, | § |
| TONY G. CHAUDOIN, | § |
| GEORGE D. CHRISTIAN, | § |
| LINDA L. CLEGG, | § |
| STACEY R. CLOUSER, | § |
| LUANNE COLLINGS, | § |
| GERALD B. CONNER, | § |
| IVONNE  E. DEFUENTES, | § |
| SAMUEL DELP, | § |
| DONNA L. DENNING, | § |
| WILLIAM J. DOVER, | § |
| CYNTHIA A. FARR | § |
| TAMELA F. GARRISON, | § |
| JOHN K. GAULRAPP, | § |
| CYNTHIA L. GILBERT, | § |
| MICHAEL A. GILLEY, | § |
| EVELYN L. GOETZ, | § |
| FRED R. HAWKINS, | § |
| WALTER D. HEINDL, | § |
| DONALD G. HELM, | § |
| LORETTA L. HENDRICKS, | § |
| COLLEEN J. HOLLEN, | § |
| NANCY A.. HOLLOWAY, | § |
| RICHARD A. HUDSON, | § |
| GLORIA L. HUGHES, | § |
| DANE JENSEN, | § |
| EDDIE L. JOHNSON, | § |
| PATRICIA L. JONES, | § |
| JOHN E. JORDAN, | § |
| THOMAS M. KAMBIC, | § |
| JEFFREY L. KENT, | § |
| GERALD D. KERLEY, | § |
| CATHY KING, | § |

Civil Action No. **08 - 4330**

**SECT. I   MAG. 5**

Fee $350
Process_____
X  Dktd_____
____ CtRmDep_____
____ Doc. No _____

CHRISTINA M. KRIEG,                          §
AARON C. LAUSENG,                            §
LAUREN GILBE LAWSON,                         §
BEVERLY J. LEASHER,                          §
PAUL LIEBBE,                                 §
ROBERT J. LUTZ,                              §
LARRY DEAN MARTIN,                           §
DONALD A. MATTUCKS,                          §
GINGER A. MCCOLLUM,                          §
DAVID R. MCLEAN,                             §
PATRICIA A. MURRAY,                          §
PAUL MURRELL,                                §
THOMAS E. NUNLEY,                            §
GULBERT L. PAGAN,                            §
CHARLES W. PENNELLA,                         §
JOSEPH T. PLUNK,                             §
CHRISTOPHER E. PRENTICE,                     §
CONNIE S. RATHBURN,                          §
ANN RYMOND,                                  §
DONNA L. SABO,                               §
JAMES M. SCALLY                             §
BARBARA E. SMITH,                            §
JAMES A. SOPHY,                              §
VIRGINIA SPENCER,                            §
BARRY E. STANG,                              §
LOU STEPHENS,                                §
JAMES STROPNIK,                              §
JEAN TANGERMAN,                              §
LINDA M. TAULBEE,                            §
SPENCER H. TOWNS,                            §
RONALD J. TUCKER,                            §
JAMES E. TURNER,                             §
JOHN WESLEY VALENTINE, JR.,                  §
CYNTHIA VALLES,                              §
JOSE R. VILLARREAL,                          §
LORI L. VINCENT,                             §
                                             §
             Plaintiffs,                     §
                                             §
vs.                                          §
                                             §
BIG LOTS STORES, INC.                        §
                                             §
             Defendant.                      §
                                             §

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, GREG J. ABRAMCZYK, CLARENCE H. ACKERMAN, CHARLES ALLISON, MICHAEL J. ANESH, ROBERT B. BALMES, MARY A. BARBER, CHRISTY J. BERBERICH, JAMES W. BRADFORD, MELANIE S. BUTTERFIELD, GAYLYNN CAMPOLLO, THOMAS J. CASON, TONY G. CHAUDOIN, GEORGE D. CHRISTIAN, LINDA L. CLEGG, STACEY R. CLOUSER, LUANNE COLLINGS, GERALD B. CONNER, IVONNE E. DEFUENTES, SAMUEL DELP, DONNA L. DENNING, WILLIAM J. DOVER, CYNTHIA A. FARR, TAMELA F. GARRISON, JOHN K. GAULRAPP, CYNTHIA L. GILBERT, MICHAEL A. GILLEY, EVELYN L. GOETZ, FRED R. HAWKINS, WALTER D. HEINDL, DONALD G. HELM, LORETTA L. HENDRICKS, COLLEEN J. HOLLEN, NANCY A. HOLLOWAY, RICHARD A. HUDSON, GLORIA L. HUGHES, DANE JENSEN, EDDIE L. JOHNSON, PATRICIA L. JONES, JOHN E. JORDAN, THOMAS M. KAMBIC, JEFFREY L. KENT, GERALD D. KERLEY, CATHY KING, CHRISTINA M. KRIEG, AARON C. LAUSENG, LAUREN GILBE LAWSON, BEVERLY J. LEASHER, PAUL LIEBBE, ROBERT J. LUTZ, LARRY DEAN MARTIN, DONALD A. MATTUCKS, GINGER A. MCCOLLUM, DAVID R. MCLEAN, PATRICIA A. MURRAY, PAUL MURRELL, THOMAS E. NUNLEY, GULBERT L. PAGAN, CHARLES W. PENNELLA, JOSEPH T. PLUNK, CHRISTOPHER E. PRENTICE, CONNIE S. RATHBURN, ANN RYMOND, DONNA L. SABO, JAMES M. SCALLY, BARBARA E. SMITH, JAMES A. SOPHY, VIRGINIA SPENCER, BARRY E. STANG, LOU STEPHENS, JAMES STROPNIK, JEAN TANGERMAN, LINDA M. TAULBEE, SPENCER H. TOWNS, RONALD J. TUCKER, JAMES E. TURNER, JOHN WESLEY VALENTINE, JR., CYNTHIA VALLES, JOSE R.

VILLARREAL, LORI L. VINCENT (hereinafter, "Plaintiffs") bring this action against Defendant Big Lots Stores, Inc. ("Big Lots" or "Defendant") and would show as follows:

## I.
### OVERVIEW

1.     This is a large individual action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.     The Plaintiffs worked as assistant store managers at Big Lots Stores and were regularly required by Big Lots to work in excess of 45-55 hours per week without overtime.  All of the Plaintiffs were previously opt-in Plaintiffs in *John Johnson, et al. v. Big Lots Stores, Inc.*, Civil Action No. 04-3201-SSV-SS C/W 05-6627, In the United States Eastern District of Louisiana. All of the Plaintiffs are former Assistant Store Managers at Big Lots with claims which accrued and ended prior to August 2004.

3.     Defendant refused to pay the Plaintiffs overtime and violated the FLSA by improperly classifying Plaintiffs and all those similarly situated as *exempt* assistant store managers, even though Plaintiffs' primary duty consisted of non-managerial activities, Plaintiffs' daily activities were tethered to specific practices, procedures and guidelines and Plaintiffs did not customarily, regularly or independently supervise two or more full-time or four part-time employees.

4.     Accordingly, Plaintiffs have filed this lawsuit to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

5.     Plaintiff GREG J. ABRAMCZYK is an individual who resides in 5245 HAUSERMAN RD APT 4, PARMA, OH 44130-1226, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period

6.      Plaintiff CLARENCE H. ACKERMAN is an individual who resides in 13543 HUNTINGTON CIR, GULFPORT, MS 39503-4991, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period

7.      Plaintiff CHARLES ALLISON is an individual who resides in 3520 IMESON RD, JACKSONVILLE, FL 322202825, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

8.      Plaintiff MICHAEL J. ANESH is an individual who resides in 2150 SPENCER RD APT 25D, ORANGE PARK, FL 320734238, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

9.      Plaintiff ROBERT B. BALMES is an individual who resides in 2108 N TUCKER AVE, SHAWNEE, OK 748043055, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

10.     Plaintiff MARY A. BARBER is an individual who resides in 120 W MORSE AVE, BONNER SPRINGS, KS 660121828, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

11.     Plaintiff CHRISTY J. BERBERICH is an individual who resides in 3862 HUTSON AVE, NASHVILLE, TN 372162010, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

12.     Plaintiff JAMES W. BRADFORD is an individual who resides in 2866 HAMILTON ST, LAKE STATION, IN 464052066, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

13.    Plaintiff MELANIE S. BUTTERFIELD is an individual who resides in 17702 DANIELSON STREET, APT. 102, CANYON COUNTRY, CA 91387, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

14.    Plaintiff GAYLYNN CAMPOLLO is an individual who resides in 1042 EHO AVE APT 122, WAHIAWA, HI 96786, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

15.    Plaintiff THOMAS J. CASON is an individual who resides in PO BOX 2711, FARMINGTON, NM 874992711, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

16.    Plaintiff TONY G. CHAUDOIN is an individual who resides in 3102 S COYOTE CANYON CIR, MESA, AZ 852122021, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

17.    Plaintiff GEORGE D. CHRISTIAN is an individual who resides in 113 COLORADO ST, HILLSBORO, TX 766453053, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

18.    Plaintiff LINDA L. CLEGG is an individual who resides in 2322 COUNTY ROAD O, NICKERSON, NE 680441724, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

19.    Plaintiff STACEY R. CLOUSER is an individual who resides in 2131 STATE RD, DUNCANNON, PA 170209544, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

20.     Plaintiff LUANNE COLLINGS is an individual who resides in 1128 TEAL TRL, BOWLING GREEN, OH 434028973, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

21.     Plaintiff GERALD B. CONNER is an individual who resides in 3246 NEPTUNE AVE, EAU CLAIRE, WI 547030728, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

22.     Plaintiff IVONNE E. DEFUENTES is an individual who resides in 8320 NW 8TH ST APT 105, Miami, FL 33126-3918, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

23.     Plaintiff SAMUEL DELP is an individual who resides in 619 W MARKET ST APT 16, BALTIMORE, OH 431051166, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

24.     Plaintiff DONNA L. DENNING is an individual who resides in 1327 WEST SECOND ST, MADISON, IN 47250, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

25.     Plaintiff WILLIAM J. DOVER is an individual who resides in 2120 SW 63RD ST, OKLAHOMA CITY, OK 731591820, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

26.     Plaintiff CYNTHIA A. FARR is an individual who resides in 4917 S BROOKHAVEN ST., WICHITA, KS 67216, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

27.     Plaintiff TAMELA F. GARRISON is an individual who resides in 411 N LAUREL CIR, COLUMBIA, TN 384012026, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

28.     Plaintiff JOHN K. GAULRAPP is an individual who resides in 4006 N CANYON RD, PROVO, UT 846045018, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

29.     Plaintiff CYNTHIA L. GILBERT is an individual who resides in 235 PARKS RD, MC DONALD, TN 373535551, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

30.     Plaintiff MICHAEL A. GILLEY is an individual who resides in 644 COUNTY ROAD 401, OZARK, AL 363605507, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

31.     Plaintiff EVELYN L. GOETZ is an individual who resides in 243 BROAD STREET APT. 228, CLAREMONT, NH 03743, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

32.     Plaintiff FRED R. HAWKINS is an individual who resides in 1213 W CALVERT ST, WICHITA, KS 672172717, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

33.     Plaintiff WALTER D. HEINDL is an individual who resides in 400 SAYBROOK DR, RICHMOND, VA 232363622, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

34.   Plaintiff DONALD G. HELM is an individual who resides in 125 S SALISBURY AVE APT B4, DELAND, FL 32720-5272, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

35.   Plaintiff LORETTA L. HENDRICKS is an individual who resides in 155 HANCOCK ST, CLYMER, PA 157280084, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

36.   Plaintiff COLLEEN J. HOLLEN is an individual who resides in 170 5TH AVE, FREEDOM, PA 150421008, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

37.   Plaintiff NANCY A. HOLLOWAY is an individual who resides in 2147 GREAT MEADOW RD, WHEELERSBURG, OH 456948470, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

38.   Plaintiff RICHARD A. HUDSON is an individual who resides in 1451 Cedar Crescent Dr. Lot 110, MOBILE, AL 36605-3568, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

39.   Plaintiff GLORIA L. HUGHES is an individual who resides in 13324 TOMSON DR, STRONGSVILLE, OH 441494035, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

40.   Plaintiff DANE JENSEN is an individual who resides in 602 14TH PL, CAMANCHE, IA 527301333, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

41.     Plaintiff EDDIE L. JOHNSON is an individual who resides in 8820 AVRIL CT B, TARRANT, TX 76116, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

42.     Plaintiff PATRICIA L. JONES is an individual who resides in 1423 PINE GROVE AVE, ROUND LAKE BEACH, IL 600732154, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

43.     Plaintiff JOHN E. JORDAN is an individual who resides in 4220 AMERICANA DR APT 302, STOW, OH 442244841, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

44.     Plaintiff THOMAS M. KAMBIC is an individual who resides in 935 MOEN AVE APT 3, ROCKDALE, IL 604362463, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

45.     Plaintiff JEFFREY L. KENT is an individual who resides in 340 GRANITE HILL RD APT 1, MANCHESTER, ME 043513541, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

46.     Plaintiff GERALD D. KERLEY is an individual who resides in 1107 Diane Ln., PEKIN, IL 61554-4574, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

47.     Plaintiff CATHY KING is an individual who resides in 8188 PENNY DR, NORTH FORT MYERS, FL 339176263, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

48.     Plaintiff CHRISTINA M. KRIEG is an individual who resides in 652 RANCHO VIA DR, SPARKS, NV 894344050, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

49.     Plaintiff AARON C. LAUSENG is an individual who resides in 1717 HOREB AVE, ZION, IL 600991508, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

50.     Plaintiff LAUREN GILBE LAWSON is an individual who resides in 8556 N 1200 W, FARMLAND, IN 473409356, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

51.     Plaintiff BEVERLY J. LEASHER is an individual who resides in 429 VAN BUREN ST, EVANS CITY, PA 160331130, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

52.     Plaintiff PAUL LIEBBE is an individual who resides in 120 3rd Ave NE, Clarion, IA 50525-1110, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

53.     Plaintiff ROBERT J. LUTZ is an individual who resides in HCR #1 BOX 13, SWIFTWATER, PA 18370, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

54.     Plaintiff LARRY DEAN MARTIN is an individual who resides in 3621 E RIVER ST, ANDERSON, SC 29621-7333, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

55.    Plaintiff DONALD A. MATTUCKS is an individual who resides in HC 64, Box 294, Gans, OK 74936, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

56.    Plaintiff GINGER A. MCCOLLUM is an individual who resides in RR 3 BOX 303, MONTROSE, PA 188019803, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

57.    Plaintiff DAVID R. MCLEAN is an individual who resides in 1008 HADLEY MEADOWS DRIVE, RALEIGH, NC 27603, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

58.    Plaintiff PATRICIA A. MURRAY is an individual who resides in 100 WOODELL AVE, BUFFALO, NY 142112737, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

59.    Plaintiff PAUL MURRELL is an individual who resides in 11925 BLACKHAWK CIR, CINCINNATI, OH 452401405, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

60.    Plaintiff THOMAS E. NUNLEY is an individual who resides in 213 SHALLEY DR., PLYMOUTH, IN 46563, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

61.    Plaintiff GULBERT L. PAGAN is an individual who resides in 4205 SW ELBA ST, PORT SAINT LUCIE, FL 349535952, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

62.     Plaintiff CHARLES W. PENNELLA is an individual who resides in 346 FAIRWAY ISLES LN, BRADENTON, FL 342129332, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

63.     Plaintiff JOSEPH T. PLUNK is an individual who resides in 3014 CREEKVIEW CIR, DAYTON, OH 454142321, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

64.     Plaintiff CHRISTOPHER E. PRENTICE is an individual who resides in 13465 HATHAWAY RD, GARFIELD HEIGHTS, OH 441255219, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

65.     Plaintiff CONNIE S. RATHBURN is an individual who resides in 1405 LEONHARD ST, DAYTON, OH 454041746, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

66.     Plaintiff ANN RYMOND is an individual who resides in 1553 FAIR RD, SCHUYLKILL HAVEN, PA 179729070, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

67.     Plaintiff DONNA L. SABO is an individual who resides in 1570 BROOKMARK SE, KENTWOOD, MI 49508, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

68.     Plaintiff JAMES M. SCALLY is an individual who resides in 3645 GLOUCESTER COVE, MEMPHIS, TN 381352206, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

69.     Plaintiff BARBARA E. SMITH is an individual who resides in 202 THORNHILL ESTATES LN, IRVINGTON, KY 401466008, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

70.     Plaintiff JAMES A. SOPHY is an individual who resides in 173 PINE CREEK DR, ORWIGSBURG, PA 179619135, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

71.     Plaintiff VIRGINIA SPENCER is an individual who resides in 3747 KY HWY 451, HAZARD, KY 41701, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

72.     Plaintiff BARRY E. STANG is an individual who resides in 10631 WINCHESTER DR, AMELIA COURT HOUSE, VA 230023960, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

73.     Plaintiff LOU STEPHENS is an individual who resides in 6430 MOUNTAINEER TRAIL CT, REYNOLDSBURG, OH 430683934, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

74.     Plaintiff JAMES STROPNIK is an individual who resides in 27435 PELICAN RIDGE CIR, BONITA SPRINGS, FL 341354550, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

75.     Plaintiff JEAN TANGERMAN is an individual who resides in 850 NE 12TH AVE, #214, HALLANDALE BEACH, FL 330092689, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

76.     Plaintiff LINDA M. TAULBEE is an individual who resides in 10910 INDIAN TRAILS DR, TOMBALL, TX 773758345, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

77.     Plaintiff SPENCER H. TOWNS is an individual who resides in 317 S 15TH ST, NILES, MI 491203636, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

78.     Plaintiff RONALD J. TUCKER is an individual who resides in 2002 ACACIA RD, NEPTUNE BEACH, FL 322661626, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

79.     Plaintiff JAMES E. TURNER is an individual who resides in 5741 JUDY RD, KAUFMAN, TX 75142, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

80.     Plaintiff JOHN WESLEY VALENTINE, JR. is an individual who resides in 6052 COUNTY ROAD 118, KAUFMAN, TX 751427057, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

81.     Plaintiff CYNTHIA VALLES is an individual who resides in 417 HIGHLAND ST, HOUSTON, TX 770096624, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

82.     Plaintiff JOSE R. VILLARREAL is an individual who resides in 508 RATTAN DR, VICTORIA, TX 779013734, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

83.     Plaintiff LORI L. VINCENT is an individual who resides in 2114 ROOSEVELT DR,
SELLERSBURG, IN 471729467, and was employed by Big Lots within the meaning of the
FLSA during the relevant three-year period.

84.     Defendant Big Lots Stores, Inc. is an Ohio corporation, which owns and operates over
1400 stores throughout the United States. During the relevant time period Big Lots acting
through its affiliates and subsidiaries, created, ratified and implemented Defendant's unlawful
payment scheme. Thus, Big Lots has acted directly or indirectly as an employer with respect to
the Plaintiffs and all those similarly situated within the meaning of the FLSA. Big Lots Stores,
Inc. can be served through its registered agent for service, Corporation Service Company, 320
Somerulos St., Baton Rouge, LA 70802-6129.

### III.
#### JURISDICTION

85.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b)
and 28 U.S.C. §§ 1331.  Plaintiffs' claims arise under §§ 7(a)(1), and 16(b) of the FLSA.  29
U.S.C. §§ 207(a)(1), and 216(b).    Additionally, this Court has personal jurisdiction over
Defendant, since Big Lots employed Plaintiffs and owns and operates retail establishments
within the State of Louisiana and throughout the United States.

### IV.
#### VENUE

86.     Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(a).

### V.
#### COVERAGE UNDER THE FLSA

87.     At all times hereinafter mentioned, Defendant has been an employer within the meaning
of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

88.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

89.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

90.     At all times hereinafter mentioned, Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
### FACTS

91.     Big Lots is one of America's largest closeout retailers and owns and operates over 1400 retail establishments throughout the United States. During part of the time period, which is relevant to this action, Plaintiffs were employed by Big Lots as *exempt* assistant store managers.

92.     Plaintiffs contend that Big Lots improperly classified them as "executive employees" who are otherwise "exempt" from the overtime provisions of the FLSA.  However, during the relevant time period that Plaintiffs were considered exempt employees by Big Lots, Plaintiffs did not regularly, customarily or independently perform managerial or discretionary functions. Instead, Plaintiffs spent the majority of their working hours performing non-managerial and non-exempt functions on behalf of Big Lots.

93.     Moreover, Plaintiffs did not possess the authority or ability to carry out the regular and independent performance of managerial functions.  Specifically, Plaintiffs did not have the authority to regularly and independently hire, fire, or determine pay rates for other employees. Nor did the Plaintiffs have the authority to make suggestions or recommendations regarding the termination, promotion or compensation of their co-workers.  Plaintiffs were also required to follow tightly controlled and strict guidelines, practices and procedures promulgated by Big Lots, which removed or severely limited their ability to exercise independent discretion or judgment. Indeed, these strict guidelines, practices and procedures required careful adherence and in many instances, required the supervision, ratification or approval of the applicable store, district or regional manager.  Finally, Plaintiffs did not customarily, regularly or independently supervise two or more full-time employees or four part-time employees.  Instead, any supervision which existed was shared with the Store Manager, the other Assistant Store Manager, the Furniture Department Manager, and the Customer Service Specialist.

94.     Instead of performing exempt duties, Plaintiffs spent their working hours performing non-managerial duties including, but not limited to the following duties:

        a.     Janitorial functions;

        b.     Operating the register;

        c.     Answering the store phone;

        d.     Sales;

        e.     Stocking and re-stocking store inventory in accordance with Plan-o-Grams and Plan-o-Guides;

        f.     Unloading merchandise from delivery trucks;

        g.     Performing recovery;

h.   Filling in for rank and file non-exempt employees in other departments or retail establishments;

i.   Processing form-oriented transactional paperwork completed by hourly employees;

j.   Timekeeping functions; and

k.   Performing similar operational functions as those performed by non-exempt, hourly employees, such as opening and closing the specific department and operating the register.

## VII.
## FLSA VIOLATIONS

95.   During the relevant time period, Big Lots has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

96.   The position of Assistant Store Manager and the work performed by Assistant Store Managers was not executive or exempt in nature.

97.   Moreover, Big Lots knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs overtime compensation.  The decision by Big Lots to not pay overtime compensation to Assistant Store Managers was neither reasonable, in good faith or based on any time studies, evaluation or quantitative or qualitative analysis of the duties performed by Assistant Store Managers.  Accordingly, Plaintiffs are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.
### NOTICE OF RELATED ACTION

98.     As noted above, all of the Plaintiffs were opt-in Plaintiffs in *John Johnson, et al. v. Big Lots Stores, Inc.*, Civil Action No. 04-3201-SSV-SS C/W 05-6627, In the United States Eastern District of Louisiana.

## IX.
### RELIEF SOUGHT

99.     WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

        a.     For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

        b.     For an Order awarding Plaintiffs the costs of this action;

        c.     For an Order awarding Plaintiffs their attorneys' fees;

        d.     For an Order awarding Plaintiffs unpaid benefits and compensation in connection with the misclassification;

        e.     For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

        f.     For an Order granting such other and further relief as may be necessary and appropriate.

**RESPECTFULLY SUBMITTED,**

By: _____

**PHILIP BOHRER, #14089**
**BOHRER LAW FIRM**
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: 225-925-5297
Fax: 225-231-7000

- and -

**MICHAEL JOSEPHSON**
Texas State Bar 24014780
**HARTLEY HAMPTON**
Texas State Bar 08874400
**FIBICH, HAMPTON & LEEBRON, LLP**
1401 McKinney, Suite 1800
Houston, TX 77010
Telephone: 713-751-0025
Facsimile: 713-751-0030

**ATTORNEYS FOR PLAINTIFFS**